**THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| Fadeel Shuhaiber, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 50454 |
| v. | ) | |
| | ) | Hon. Philip G. Reinhard |
| Bill Prim, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motion to reconsider [16] and *in forma pauperis* application [15] are denied. This case remains closed. The dismissal was without prejudice to plaintiff filing a paid complaint.

**STATEMENT**

Plaintiff Fadeel Shuhaiber, formerly an immigration detainee held at the McHenry County Jail, brought this *pro se* civil rights action complaining that beginning on October 28, 2020, he was forced to spend twelve days in a cell without a bed and without dayroom time. This lawsuit was dismissed by order of March 18, 2021, after plaintiff failed to pay the filing fee as directed.

Now before the court are plaintiff's motion to reconsider the dismissal and his application for leave to proceed *in forma pauperis* ("IFP"). Plaintiff asks the court to reconsider the dismissal and allow him to proceed without pre-paying the filing fee because he has been deported to Lebanon. Plaintiff stresses that he is not a "prisoner" as that term is defined in the Prison Litigation Reform Act ("PLRA"). He further states that he is unemployed and that his disability and poor economic conditions will prevent him from finding work in Lebanon. *See* [16].

Plaintiff does not identify his motion to reconsider as being brought under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). Regardless, plaintiff has not identified any manifest errors of law or fact or exceptional circumstances that would warrant relief under these rules.

First, to be clear, the court did not find that plaintiff that was a "prisoner" under the PLRA. Rather, the court's order denying plaintiff leave to proceed IFP found that plaintiff, as an immigration detainee, was eligible to proceed IFP despite the fact that he had "struck out" under the PLRA. *See* [5 at p. 2]. The court, found, however, that plaintiff was not actually indigent because, by his own account, he had received $4,800 in the last year. Receipt of such income, at a time when plaintiff's basic necessities were provided by the state because he was in immigration detention, disqualified him from pauper status. *See id.* at pp. 2-3.

Plaintiff does not dispute the court's conclusion that he could have paid the filing fee at the time he filed this case. That his circumstances may have changed does not warrant relief, and the filing fee will not be waived because plaintiff waited out his time before removal. The court further observes that to the extent plaintiff's circumstances have changed, his newly submitted in IFP application is not accurate. The application [15] indicates that plaintiff has received no income in the last year from any source. This is not accurate based on his filings in this and other cases. Plaintiff is reminded, as he has been in other cases, that false or misleading averments may result in sanctions. (*See*, *e.g.*, *Shuhaiber v. United States*, No. 20 C 7743, Dkt. No. 17.) Plaintiff also is reminded that dismissal of this case without prejudice to plaintiff filing a paid complaint, should he choose to do so.

For these reasons, plaintiff's motion to reconsider and application for leave to proceed IFP are denied. This case remains closed.

Date: 4/07/2021                                    ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)

2